UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**NORTHGATE PLAZA L L C**     **CASE NO. 2:22-CV-05420**

**VERSUS**     **JUDGE JAMES D. CAIN, JR.**

**SAFEPOINT INSURANCE CO ET AL**     **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING AND ORDER

Before the Court is a "Motion for Remand" (Doc. 11) filed by Plaintiff, Northgate Plaza, LLC ("Northgate"), who requests that the Court issue an Order of Remand. Defendant, Safepoint Insurance Co., ("Safepoint") opposes the motion.

## INTRODUCTION

Northgate owns several properties located in Lake Charles, Louisiana. Safepoint was the insurer for the properties during the relevant time period. Northgate alleges that its properties sustained damage as a result of Hurricanes Laura and Delta on August 27, 2020, and October 9, 2020, respectively.

Northgate alleges that Safepoint mispresented policy provisions, improperly denied coverage, and failed to timely issue payment for damages. Northgate also alleges that Defendants, Insurance Unlimited of Louisiana, LLC ("IUL") and Monica Guillory, negligently submitted applications for insurance that did not adequately specify the square footage of the insured properties, thus failing to obtain the appropriate coverage on the properties.

The lawsuit was originally filed in the 14th Judicial District Court against Safepoint, IUL, and Guillory. Safepoint is a foreign insurance company domiciled in the state of Florida, whereas IUL is a domestic limited liability company domiciled here in Louisiana and Guillory is also domiciled in Louisiana. Northgate is a limited liability company domiciled in Louisiana. Safepoint files the instant Motion to Remand based on its position that the parties are non-diverse.

## LAW AND ANALYSIS

Defendant Safepoint maintains that Defendants IUL and Guillory are improperly joined. Northgate argues that because Defendants IUL and Guillory are citizens of Louisiana, Safepoint's Motion for Removal is barred by 28 U.S.C. § 1441(b)(2).

Safepoint argues that (1) Northgate's claims against IUL and Guillory are preempted, and (2) IUL and Guillory cannot be held personally liable for their actions. Consequently, Safepoint posits that these two non-diverse defendants were improperly joined.

Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). The standard for resolving a Rule 12(b)(6) challenge and determining improper joinder are similar. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (citing *Travis,* 326 F.3d at 648). The scope of inquiry for fraudulent joinder is broader than that for Rule 12(b)(6) because for an improper joinder analysis the court's review is not limited to the

pleadings. See *id.* at 462-63. The court may "pierce the pleadings" and consider summary judgment-type evidence. *Id.* at 463. (citing T*ravis*, 326 F.3d at 648-49.

Safepoint maintains that the claims against IUL and Guillory are perempted. Louisiana Revised Statute 9:5606 provides a one-year/three-year peremptive period for claims against insurance agents. The statute provides, in relevant part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered...

Safepoint notes that the relevant commercial policy became effective March 15, 2020—more than two years before Northgate filed the instant lawsuit. Thus, the purchase of the policy commenced the peremptive period. See *Calcasieu Cameron Fair Ass'n*, 2008 WL 2148460 at *8-9 (citing *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423 (E.D. La. July 21, 2006) (Vance, Jr.); *Bordelon v. Indep. Order of Foresters*, 2005 WL 3543815 (E.D. La. Oct. 4, 2005) (peremptive period began to run on day plaintiff was assisted in completing insurance applications; *Calvin v. Janbar Enters., Inc.*, 856 So.2d 88 (La. App 4th Cir. 2003) (peremptive period begins to run when policy is acquired).

Safepoint argues that the purchase of the policy of insurance was sufficient to place Northgate on notice regarding the adequacy of their policy terms and limits, *i.e.* insureds are deemed to have read and know the provisions of their insurance

contracts. See *T.H.E. Ins. Co. v. Larsen Intermodal Servs., Inc.*, 242 F.3d 667 (5th Cir. 2001) (stating that under Louisiana law, "an insured is presumed to know the provisions of his policy."); *Dobson*, 2006 WL 2078423, at *9 (stating that "[a]n insured party is generally responsible for reading his policy, and he is presumed to know its provisions").

Safepoint maintains that because the policy was purchased more than two years before Northgate filed this lawsuit, the burden is on Northgate to establish that IUL and Guillory are not improperly joined. Northgate has failed to establish that its claims are not perempted by the statute. Because Northgate will be unable to establish a cause of action against IUL and Guillory in state court, these defendants have been improperly joined and its citizenship shall be ignored in determining jurisdiction.

## CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motion to Remand is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 28th day of November, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE